UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CARLOS COLLINS, | Case No. 14-14105 |
| Plaintiff, | Robert H. Cleland |
| v. | United States District Judge |
| DANIEL H. HEYNS, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

# REPORT AND RECOMMENDATION ON DEFENDANT HEYNS' MOTION FOR SUMMARY JUDGMENT [Dkt. 21]

## I.   PROCEDURAL HISTORY

On October 23, 2014, plaintiff Carlos Collins (a.k.a. Abdul-Karim Abdur-Rahim), *pro se*, filed a prisoner civil rights complaint against defendants Michigan Department of Corrections ("MDOC") director Daniel Heyns and Dr. Rhodes, alleging that they acted with deliberate indifference to his objectively serious medical condition in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983.[1]  (Dkt. 1).  This matter was referred to the undersigned for all pretrial proceedings.  (Dkt. 5).  Following the referral, defendant Heyns filed an almost immediate motion for summary judgment, to which plaintiff asked the court to defer.  (Dkt. 10, 12).  Plaintiff also filed a motion to amend the complaint (Dkt.

---

[1] On July 23, 2015, this court granted plaintiff's motion (Dkt. 26) to extend the date for service of the summons on defendant Dr. Rhodes.

1

14) which the court struck without prejudice because it did not comply with Local Rule 15.1. (Dkt. 15). On March 3, 2015, plaintiff filed a second motion to amend the complaint, which was granted on April 17, 2015. (Dkt. 17, 20). Following this amendment, on May 1, 2015, defendant Heyns filed a renewed motion for summary judgment based on the amended complaint. (Dkt. 21). On June 3, 2015, plaintiff responded. (Dkt. 24). This motion for summary judgment is now ready for report and recommendation. For the reasons that follow, the undersigned concludes that defendant Heyns' motion for summary judgment (Dkt. 21) should be **GRANTED** and that he should be **DISMISSED** from this action.

**II.    FACTUAL BACKGROUND**

   A.    The Amended Complaint

In this prisoner civil rights action, plaintiff Carlos Collins alleges that defendants Heyns and Dr. Rhodes, denied him appropriate medical care for a hernia in violation of his § 1983 rights. In his amended complaint, Collins alleges that he wrote a letter in early February 2014 to the Director of the Michigan Department of Corrections (MDOC), Daniel Heyns, complaining about the lack of health care services, that he was suffering from a hernia, and that it was affecting his quality of life, but he received no response. (Dkt. 17, Am. Comp., ¶ 4). Plaintiff also alleges that Heyns entered into a contractual agreement that Corizon would not correct reducible hernias as a money saving policy, displaying

deliberate indifference to plaintiff's medical needs. (*Id*. at ¶ 5). Plaintiff indicates that only Heyns can order corrective surgery for plaintiff, therefore, plaintiff is suing director Heyns in his official capacity solely for injunctive relief purposes. (*Id*.) Those are the only allegations with respect to Heyns in the amended complaint.

## III. ARGUMENTS

### A. Heyns' Arguments

Heyns argues that he is entitled to summary judgment because plaintiff has failed to establish that he was deliberately indifferent to his serious medical needs. (Dkt. 21, at 5). "[A]n Eighth Amendment inquiry has two components, one objective and one subjective. A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was sufficiently serious." *Rouster v. County of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). Heyns does not deny that a hernia is an arguably serious medical condition. Heyns claims, however, that plaintiff fails the subjective prong of the deliberate indifference test. That is, plaintiff must show that Heyns was deliberately indifferent to plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Heyns argues that this standard requires more than proof of mere negligence, or even "gross negligence." *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988); *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990). Rather, deliberate

indifference is more equated with "subjective recklessness" in criminal law. *Farmer*, 511 U.S. at 839-40.

For liability to attach, therefore, actual knowledge of harm is required. An "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In addition, Heyns contends that claims must be based on direct, personal involvement, and not on a theory of respondeat superior. The acts of one's subordinates are not enough, nor can supervisory liability be based on the mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

In sum, Heyns argues that plaintiff has failed to establish that he was deliberately indifferent to plaintiff's medical needs or that he had the requisite personal involvement under § 1983 to establish liability. Heyns avers that plaintiff has presented no evidence that he was aware of plaintiff's medical condition, and there is no evidence--other than plaintiff's conclusory allegations--that Heyns could have ordered surgery. Because plaintiff has failed to establish that Heyns is liable under § 1983, Heyns asks this court to summarily deny plaintiff's claim for injunctive relief and to enter summary judgment in his favor.

B.  Plaintiff's Response

Plaintiff argues that Heyns has done little more than claim no direct

knowledge of his medical condition. However, plaintiff argues that since the filing of his complaint, Heyns has taken no corrective action regarding plaintiff's serious medical needs. Indeed, Heyns has admitted that plaintiff's medical condition is serious, he only argues that Heyns has not met the standard for summary judgment. Heyns claims that factual issues remain in dispute because Heyns has not addressed the issue of whether he entered into a contractual agreement that Corizon (plaintiff's medical provider) would not correct reducible hernias as a money savings policy, or whether Heyns was the only person who can order corrective surgery for plaintiff. For these reasons, plaintiff claims that summary judgment is not appropriate.

**IV.    ANALYSIS AND CONCLUSIONS**

    A.    <u>Standard of Review</u>

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire &*

*Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'"  *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004).  In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor.  *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

B.     Legal Argument

In the context of medical care, a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated only when the prisoner can demonstrate a "deliberate indifference" to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (citations omitted).  Moreover, mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment.  *Estelle*, 429 U.S. at 106.

A viable Eighth Amendment claim has two components, one objective and the other subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).  A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind.  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

In this case, there is no disagreement that plaintiff's medical need, a hernia, is sufficiently serious.  The subjective component requires that the defendant act

with deliberate indifference to an inmate's health or safety. *Farmer*, 511 U.S. at 834. To establish the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.* at 837. In other words, this prong is satisfied when a prison official acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (citing *Farmer*, 511 U.S. at 839-40). "Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention." *Lewis v. Corr. Med. Servs.*, 2009 WL 799249, at *2 (E.D. Mich. Mar. 24, 2009).

Defendant's brief assumes, for purposes of the motion for summary judgment, that plaintiff's hernia is a serious medical condition and thus primarily maintains that plaintiff has not satisfied the subjective prong of the Eighth Amendment test. The second element of *Farmer* requires a showing that Heyns acted with deliberate indifference, which plaintiff has not done. "Deliberate indifference" has been variously defined by the federal courts that have considered prisoners' Eighth Amendment claims, but all agree that it is more than mere negligence and less than actual intent in the form of "malicious" or "sadistic"

action. *Farmer v. Brennan*, 511 U.S. 825, 861 (1994); *see also Estelle*, 429 U.S. at 105-06 (a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment; "medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) (deliberate indifference is the equivalent of "criminal recklessness, which requires a subjective showing that the defendant was aware of the risk of harm"); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992) ("Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference."). As noted in *Estelle*, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. An allegation of mere negligence in diagnosis or treatment is not actionable under § 1983. *Estelle v. Gamble, supra* ; *Byrd v. Wilson*, 701 F.2d at 595 n.2. A delay in access to medical attention, however, can violate the Eighth Amendment when it is "tantamount to 'unnecessary and wanton infliction of pain.'" *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (6th Cir.1994), quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam). Further, a claim of inadequate medical treatment may state a constitutional claim if the treatment rendered is "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857,

9

860-61 (6th Cir. 1976). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). The deliberate indifference standard requires knowledge of the particular medical condition in order to establish an intent ("a sufficiently culpable state of mind," *Wilson*, 501 U.S. at 298) to deny or to delay purposely "access to medical care" or intentionally to interfere "with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. Thus, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn ex rel. Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

     Plaintiff claims that Heyns was deliberately indifferent to his serious medical needs because after writing a letter to Heyns complaining about the lack of health care services, and specifically about his hernia, he did not receive a response, and no corrective action was taken. Plaintiff also claims that Heyns entered into a contractual agreement that Corizon (plaintiff's medical provider) would not correct reducible hernias as a money savings policy. Plaintiff further alleges that only Heyns has the authority to order corrective surgery for plaintiff, and he did not take any corrective action. The undersigned is troubled that these are the only allegations that plaintiff makes to support his claim against defendant

Heyns, or that in response to Heyns' motion for summary judgment, plaintiff has not offered additional evidence to support his claims.

The court notes that where a prisoner's claim is based on a defendant's supervisory authority over others, a mere failure to act does not give rise to a § 1983 claim. It is well-settled that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Rather, a claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Moreover, § 1983 liability cannot be established simply because a supervisor denies an administrative grievance or fails to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In this case, as discussed more fully below, the undersigned concludes that plaintiff fails to show that Heyns actively engaged in any unconstitutional conduct.

With respect to plaintiff's skeletal allegations, the allegations infer, but do not specifically state that Heyns was even aware of plaintiff's medical condition. Certainly, plaintiff alleges that he sent a letter to Heyns, but Heyns testifies via his affidavit:

> I am not personally involved in receiving, processing, or responding to any mail sent by prisoners, including Plaintiff, in general or to me in particular. Due to the large volume of mail addressed to me, the tasks of receiving, processing, and responding to that mail are delegated to subordinate staff. Specifically as to health care issues, such mail would be delegated to staff in the Bureau of Health Care Services for processing and response.

(Doc. 21-2, at 1). Heyns further indicates that he "had no personal involvement with Plaintiff [and did not have] any personal knowledge of letters Plaintiff alleges were sent to [him]." (*Id*. at 2). Plaintiff does nothing to rebut this evidence in his response to Heyns' motion. With respect to plaintiff's claim that Heyns is the only person with authority to order corrective surgery for plaintiff, Heyns provides no evidence for this assertion, just this conclusory statement. Again, Heyns' affidavit belies this assertion:

> As Director, [Heyns is] not directly or indirectly involved in prisoner's medical care. In accordance with Policy Director 03.04.100 Health Services, under organization, it states " . . . all medical, psychiatric, and dental matters involving medical judgment are the sole province of the responsible physician, psychiatrist, or dentist, under the direction of the CMO or CPO, as

12

applicable.

(Tr. 21-2, at 2).

With respect to plaintiff's claim that Heyns adopted a policy regarding not correcting reducible hernias that affected plaintiff's long-term health, the court finds that plaintiff's claims are too vague and conclusory and are unsupported by specific facts to set forth a plausible claim. For example, plaintiff does not set forth a policy directive that his doctors were following for denying a request for surgery or any grievance that he may have filed. Further, plaintiff does not indicate any specific facts that he was denied care based on a specific policy that MDOC had implemented. Nor does he allege facts of an unwritten policy or custom that this court could attribute to Heyns which impacted his hernia care. According to plaintiff's complaint, Corizon is responsible for providing his medical care. And, according to Heyns' affidavit, Heyns is not responsible for the independent medical decisions that physicians are required to make about a prisoner's medical condition–indeed, those decisions are within the "sole province of the responsible physician, psychiatrist, or dentist, under the direction of the CMO or CPO . . . ." (Dkt. 21-2, at 2).

To the extent plaintiff suggests in his response that Heyns violated Mich. Comp. Laws §§ 791.203 and 791.206, plaintiff does not state a federal claim. Section 1983 does not provide redress for a violation of a state law. *Pyles v.*

*Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, if Plaintiff is attempting to raise a state law claim against Heyns, the court declines to exercise its supplemental jurisdiction over such claims. The Sixth Circuit has routinely held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching the merits. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)).

## V. RECOMMENDATION

For the above stated reasons, the undersigned recommends that defendant's motion for summary judgment (Dkt. 21) be **GRANTED** and that defendant Heyns be **DISMISSED WITH PREJUDICE.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 24, 2015              s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>September 24, 2015</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Carlos Collins #182427, G. Robert Cotton Correctional Facility, Central Complex, 3500 N. Elm Road, Jackson, MI 49201.</u>

                                              <u>s/Tammy Hallwood</u>
                                              Case Manager
                                              (810) 341-7887
                                              tammy_hallwood@mied.uscourts.gov